UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS INC. | CIVIL ACTION |
| VERSUS | NO. 18-3480 |
| BUNDEE'S INC., ET AL. | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is defendant Bundee's motion to dismiss for insufficient service of process. Plaintiff has not properly served Bundee's and has not shown good cause for its failure. But because plaintiff's failure to correctly serve Bundee's is unintentional and has not prejudiced Bundee's, dismissal is not warranted.

## I. BACKGROUND

This case arises out of a dispute regarding streaming rights to a boxing match between Floyd Mayweather Jr. and Manny Pacquiao.[1] Plaintiff J&J Sports Productions is a distributor of closed circuit pay-per-view events.[2] Plaintiff alleges that it held the exclusive rights to distribute the boxing match.[3] It alleges that defendants Charles Bell Jr. and Gerald K. Sayles

---

[1] R. Doc. 1.
[2] *Id.* at 4 ¶ 9.
[3] *Id.* at 2 ¶ 2.

supervised and directed their employees to broadcast the match unlawfully at a business operating as Club Continental.[4]

On April 2, 2018, plaintiff filed a complaint against Bell, Sayles, and the business entity Bundee's Inc., d/b/a Club Continental.[5] Summonses were issued to all three defendants on April 3, 2018.[6] None was returned executed. On August 6, 2018, the Court issued a show cause order directing plaintiffs to show good cause in writing within 20 days why defendants should not be dismissed for failure to prosecute.[7] Plaintiff filed a motion to extend the time for service, which the Court granted.[8] Plaintiff then made several attempts to serve defendants. First, plaintiff attempted to serve both Bell and Bundee's at 10953 Chaucer Street on August 10, 2018.[9] Plaintiff then tried to serve Bell at 238 Solomon Drive on August 21, 2018.[10] Finally, plaintiff attempted to serve both Bell and Bundee's at 9734 Hayne Boulevard on September 6, 2018.[11] None of these attempts was successful. On September 24, 2018, the plaintiff issued a summons to Bundee's via the

---

[4] *Id.* at 6-7 ¶ 13.
[5] R. Doc. 1.
[6] R. Doc. 4.
[7] R. Doc. 5.
[8] R. Doc. 8.
[9] R. Doc. 15; R. Doc. 18.
[10] R. Doc. 17.
[11] R. Doc. 16; R. Doc. 19.

Louisiana Secretary of State.¹² After it was executed by the Secretary of State, J&J filed it into the record on October 9, 2018.¹³ On the same day, plaintiff filed an executed summons for Sayles.¹⁴ Bell remains unserved.¹⁵ On April 9, 2019, the Court dismissed plaintiff's case against Bell without prejudice for failure to show cause as to why he had not been served.¹⁶

Bundee's has now filed a motion to dismiss for insufficient service of process under Rule 12(b)(5).¹⁷ Plaintiff opposes the motion, because it alleges that it attempted to serve Bell, Bundee's agent for service of process, at three different addresses unsuccessfully before serving the Louisiana Secretary of State.¹⁸ It therefore argues that service on the Secretary of State was proper.¹⁹

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to dismiss claims against it because of the plaintiff's insufficient service of process

---

12  R. Doc. 10.
13  R. Doc. 11.
14  R. Doc. 12.
15  R. Doc. 30.
16  R. Doc. 31.
17  R. Doc. 13.
18  R. Doc. 22.
19  *Id.*

under Federal Rule of Civil Procedure 4. Fed. R. Civ. P. 12(b)(5). "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986).

Under Rule 4, a plaintiff must effect proper service on a defendant within 90 days after filing the complaint. Fed. R. Civ. P. 4(m). The Rule provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.* Federal Rule of Civil Procedure 4(h) governs service on a corporation, partnership, or association. The Rule provides that corporations must be served in the United States, either (1) "in the manner prescribed by Rule 4(e)(1) for serving an individual," or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h).

Rule 4(e)(1) allows a plaintiff to serve an individual by "following state law for serving a summons." Fed. R. Civ. P. 4(e)(1). In Louisiana,

corporations must be served "by personal service on any one of its agents for service of process." La. Code. Civ. P. art 1261. "Service of process directed to a corporate defendant and made on one other than the person authorized to accept service is illegal and without effect." *State v. Kee Food, Inc.*, 232 So. 3d 29, 34 (La. App. 1 Cir. 2017). But if the person attempting to make service "certifies that he is unable, after due diligence, to serve the designated agent," service may be made: (1) by personal service of an officer or director named in the last report filed with the Secretary of State; (2) by personal service on any employee where the business of the corporation is regularly conducted; or (3) by registered or certified mail. *Id.*; La. R. S. 3204. Finally, "[i]f the officer making service certifies that he is unable, after diligent effort, to have service made as provided in Article 1261, then the service may be made personally on the secretary of state, or on a person in his office designated to receive service of process on corporations." La. Code Civ. P. art. 1262. Thus, service may not be made via the Secretary of State's office under Louisiana law unless a plaintiff certifies that service cannot be completed using any of the methods provided in Article 1261.

## III. DISCUSSION

Defendant argues that plaintiff's service on the Secretary of State was improper because Louisiana law requires personal service of process on an agent authorized to receive service.[20] Bell is the only agent authorized to receive service for Bundee's.[21]

Plaintiff has alleged that service on the Louisiana Secretary of State was proper because it was not able to serve Bell personally despite three attempts.[22] This account is corroborated by the three failed attempts to serve Bell in the record.[23] But a plaintiff may effect service using a method other than on the registered agent only when the process server, not the plaintiff, certifies that he is unable, after due diligence, to serve the designated agent. La. Code Civ. P. art 1261. *See Rabito v. McClain Invs., LLC*, _ So. 3d _ (La. App. 4 Cir. 2019), 2019 WL 302063, at *3 (Jan. 23, 2019) ("Although this Court has never directly addressed the proper interpretation of the 'person attempting to make service' we have evinced an understanding that such person is the process server."). The process server has not certified that he was unable to serve Bell despite diligent effort.

---

[20] R. Doc. 13-1 at 3-4.
[21] R. Doc. 13-2.
[22] R. Doc. 22 at 1-3.
[23] R. Doc. 17; R. Doc. 18; R. Doc. 19.

Further, even if the process server had made the required certification, service on the Secretary of State would not be proper, unless service could not be made under the alternative procedures given in Article 1261. *See* La. Code Civ. P. art 1262. There is no evidence in the record that plaintiff attempted to serve Bundee's though the alternative measures provided in Article 1261. For example, plaintiff could have personally served Sayles, who was listed as an officer of Bundee's on the company's business last report filed with the Secretary of State.[24] Indeed, plaintiff effectuated service on Sayles on June 2, 2018.[25]

In addition, plaintiff has not shown due diligence because it attempted to serve Bell at 238 Solomon Drive, the address listed in the company's business filings, only once.[26] The unexecuted summons states that there was "no answer at [the] residence."[27] A single unsuccessful attempt at the address listed by the Secretary of State, even when combined with two attempts at different addresses, does not constitute due diligence under Louisiana law. *See Gordon v. A-1 St. Bernard Taxi & Delivery*, 226 So. 3d 494, 501 (La. App. 4 Cir. 2017) (multiple attempts, when only one was at the

---

[24] R. Doc. 31-2.
[25] R. Doc. 12.
[26] *See* R. Doc. 17.
[27] *Id.*

7

correct address, is not diligent effort); *La. Dist. Council of Assemblies of God, Inc. v. Victory Temple Assembly of God*, 376 So. 2d 169, 171 (La. App. 4 Cir. 1979) (six attempts to serve a church, when none was on a Sunday morning, is not a diligent effort). Plaintiff has not provided documentation from the process server certifying that he was unable to serve Bundee's after a diligent effort, nor has it shown due diligence in its efforts to serve Bundee's. Service on the Secretary of State was therefore improper.

Plaintiff argues that its requirement of service on Bundee's should be waived or modified because the company's lawyer refuses to disclose Bell's whereabouts or make him available for service.[28] It is true that, "[t]he purpose of Rule 4(m) is to prod the slow-footed plaintiff, not to reward the crafty or evasive defendant." Wright & Miller, 4B Federal Practice & Procedure § 1137 (4th ed. 2018). Courts have often found good cause for a plaintiff's failure to effect service timely when a defendant has actual notice and may be evading service. *See* Fed. R. Civ. P. 4, Comments to the 1993 Amendment ("Relief may be justified, for example . . . if the defendant is evading service or conceals a defect in attempted service."); *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963) ("[W]here actual notice of the commencement of the action and the duty to defend has been received by the

---

[28] R. Doc. 22-1 at 2-3.

one served, the provisions of [Rule 4] should be liberally construed to effectuate service and uphold the jurisdiction of the court, thus insuring the opportunity for a trial on the merits.").

There is no evidence of evasion in this case. Plaintiff argues that counsel for Bundee's should have filed an answer to its complaint, but it admits that it did not formally request a waiver of service from him.[29] Similarly, plaintiff did not ask Bundee's counsel for Bell's current address, nor did it ask for help in locating Bell so that he could be served. Plaintiff merely asserts that it received an email from Bell's attorney, that it requested that Bundee's file an answer to its complaint, and that defendant did not respond or file an answer.[30] While it is possible that Bell has been evading service, the current record does not demonstrate that his failure to receive service is deliberate. The Court therefore does not find that plaintiff has shown good cause for its delay in service on the basis of defendant's alleged efforts to evade service.

Nonetheless, dismissal is not appropriate on the current record. A district court has discretion to extend a plaintiff's deadline even without a showing of good cause. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)

---

[29] R. Doc. 22-1 at 2.
[30] *Id.* at 1-2.

("If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service.") (emphasis in original). If a dismissal under the discretionary provisions of Rule 4 will likely bar future litigation, the dismissal should "be reviewed under the same heightened standard used to review a dismissal with prejudice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325-26 (5th Cir. 2008) (citing *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976)). Under this heightened standard, dismissal "is warranted only where 'a clear record of delay or contumacious conduct by the plaintiff' exists and a 'lesser sanction would not better serve the interests of justice.'" *Id.* at 326 (quoting *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981)). When the Fifth Circuit has affirmed dismissals with prejudice, "it has generally found at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

The conduct in question in this case occurred on May 2, 2015.[31] Thus, plaintiff's claims would likely be barred by the relevant statutes of limitations. There is no evidence that plaintiff caused the delay. Nor is there

---

[31] R. Doc. 1 at 5 ¶ 12.

evidence of prejudice to the defendant, because defendant is aware of this action despite being served improperly. Finally, there is no evidence that the delay was caused by plaintiff's intentional conduct. Indeed, the evidence indicates that plaintiff has been attempting in good faith to serve defendant, and that defendant has not chosen to help plaintiff in its attempts. Therefore, dismissal is not warranted.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is DENIED. Plaintiff shall have 30 days from the date of this order to properly serve Bundee's.

New Orleans, Louisiana, this __17th__ day of April, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE