UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC. | CIVIL ACTION |
| VERSUS | NO: 18-03480 |
| BUNDEE'S, INC. d/b/a CLUB CONTINENTAL and GERALD K. SAYLES | SECTION: T(1) |

## ORDER

Before the Court is a Rule 55(c) Motion to Set Aside Clerk's Entry of Default and Rule 12(b)(5) Motion to Quash Service of Process[1] filed by defendant Gerald K. Sayles ("Sayles"). J&J Sports Productions, Inc. ("Plaintiff") has filed a response memorandum.[2] For the following reasons, the Rule 55(c) Motion to Set Aside Clerk's Entry of Default and Rule 12(b)(5) Motion to Quash Service of Process[3] is **GRANTED.**

## BACKGROUND

Plaintiff owned the exclusive rights to the closed-circuit television event, "*The Fight of the Century Floyd Mayweather, Jr. v. Manny Pacquiao Championship Fight Program*" (the "Program").[4] Plaintiff alleges Bundee's, Inc. d/b/a Club Continental ("Club Continental") unlawfully broadcast the Program on May 2, 2015.[5] Sayles was allegedly an owner and operator of the business premises doing business as Club Continental.[6] On April 2, 2018, Plaintiff filed suit seeking statutory damages and attorneys' fees pursuant to 47 U.S.C. § 605, which prohibits the interception and publishing of radio communications; 47 U.S.C. § 553(c), which prohibits the

---

[1] R. Doc. 36.
[2] R. Doc. 40.
[3] R. Doc. 36.
[4] R. Doc. 1, ¶18.
[5] R. Doc. 1, ¶12.
[6] R. Doc. 1, ¶4.

1

interception of communications over a cable system; and 18 U.S.C. §§ 2511, 2520, which prohibit the interception of electronic communications.[7]

On October 9, 2018, a summons return was filed into the record indicating that Sayles was served on June 2, 2018 at 5842 Louis Prima Drive West, New Orleans, LA 70128.[8] The summons was left "at the individual's residence or usual place of abode with (name) David unknown last name, a person of suitable age and discretion who resides there, on (date) 6/2/18."[9] On January 15, 2019, the Clerk of Court granted Plaintiff's motion for entry of default as to Sayles.[10] Sayles now moves to set aside the default and to quash the summons contending that service was improper because he no longer resides at 5842 Louis Prima Drive West, New Orleans, LA 70128.[11]

## LAW AND ANALYSIS

### A. Motion to Set Aside Entry of Default

Rule 55(c) of the Federal Rules of Civil Procedure provides that the court may set aside an entry of default for good cause. To determine whether good cause to set aside a default exists, the court considers four factors: (1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, (3) whether a meritorious defense is presented, and (4) whether the defendant acted expeditiously to correct the default.[12] A finding of willful default ends the inquiry, for "when the court finds an intentional failure of responsive pleadings there need be no other finding."[13] Additionally, there is a strong policy in favor of decisions on the merits, and default judgments are disfavored.[14]

---

[7] R. Doc. 1.
[8] R. Doc. 12.
[9] R. Doc. 12.
[10] R. Doc. 21.
[11] R. Doc. 36.
[12] *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).
[13] *Lacy,* 227 F.3d at 292 (*quoting Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir.1992)
[14] *Lindsey v. Prive Corp.*, 161 F.3d 866, 893 (5th Cir. 1998); *Harper Macleod*, 260 F.3d 389, 393 (5th Cir. 2001).

The Court finds good cause for setting aside the entry of default in this case because the service on Sayles was improper under Rule 4.[15] Rule 4(e)(2)(B) provides that a person may be served by leaving a copy of the summons at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there.[16] Sayles was served by domiciliary service at 5842 Louis Prima Drive West, New Orleans, LA 70128 on June 2, 2018.[17] Sayles represents he sold the home located at 5842 Louis Prima Drive West, New Orleans, LA 70128 on July 31, 2015 and attaches a certified copy of the act of sale.[18] Plaintiff does not know of any facts to refute that Sayles did not live at that address at the time of service.[19] Because the address where the summons was delivered is not Sayles's dwelling or usual place of abode, the delivery of the summons to "David unknown last name" at 5842 Louis Prima Drive West, New Orleans, LA 70128 is insufficient service of process.

Because Sayles was not properly served under Rule 4, the Court finds that the default was not willful, setting aside the default would not prejudice the Plaintiff, and a meritorious defense has been presented. Additionally, Sayles acted expeditiously to correct the entry of default by filing the motion to set aside the default before default judgment was entered. The Court, therefore, finds that there is good cause for setting aside the entry of default under Rule 55(c).

### B. Motion to Quash Service of Process

Under Rule 12(b)(5), the Court has discretion to either dismiss the plaintiff's complaint for failure to effect service or to quash the service of process if the Court determines the defendant was not properly served.[20] Sayles has requested the Court quash the service of process. Because

---

[15] Fed. R. Civ. P. 4.
[16] Fed. R. Civ. P. 4(e).
[17] R. Doc. 36.
[18] R. Doc. 36-2, recorded in the Orleans Parish Conveyance Records as instrument number 2015-33001.
[19] R. Doc. 40.
[20] Fed. R. Civ. P. 12(b)(5); *See also Francis v. Dupree,* 2011 WL 3818955, at *2 (E.D. La. July 29, 2011), *report and recommendation adopted in part,* 2011 WL 3820076 (E.D. La. Aug. 25, 2011).

the Court has determined that service on Sayles was improper under Rule 4, the Court will quash the service of process.

## **CONCLUSION**

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Rule 55(c) Motion to Set Aside Clerk's Entry of Default and Rule 12(b)(5) Motion to Quash Service of Process[21] are **GRANTED.**

**IT IS FURTHER ORDERED** that on or before December 9, 2019, plaintiff's counsel is instructed to file proof of service on defendant Gerald K. Sayles, or show good cause, in writing, why service of process has not been effectuated, or Gerald K. Sayles will be dismissed for failure to prosecute. Failure to comply with this order may result in dismissal without further notice.

**New Orleans, Louisiana**, on this 11th day of October, 2019.

                                                **GREG GERARD GUIDRY**
                                                **UNITED STATES DISTRICT JUDGE**

---

[21] R. Doc. 36.